IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER<br><br>Plaintiff,<br><br>vs.<br><br>KC PROPERTY GUYS, LLC, a Kansas Limited Liability Company; and KC PROPERTY GUYS, LLC, a Missouri Limited Liability Company;<br><br>Defendants. | 8:20-CV-499<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

This case comes before the Court for its review of the Magistrate Judge's Findings and Recommendation, Filing 72, recommending that the Court grant Plaintiff's Motion for Sanctions, Filing 71, and grant default judgment against Defendants, KC Property Guys, LLC (a Kansas Limited Liability Company) and KC Property Guys, LLC (a Missouri Limited Liability Company) (jointly, "KC Property"). The Court adopts the Findings and Recommendation in full and grants default judgment as set forth herein.

## II. BACKGROUND

Plaintiff, Federal Deposit Insurance Corporation in the role of receiver for Ericson State Bank ("FDIC-R") brings this suit based on the default of multiple promissory notes. Filing 1 at 2.

KC Property was engaged in the business of buying, renovating, and "flipping" real estate in Missouri and Kansas. Filing 1 at 2. In conjunction with its real estate business, KC Property executed a promissory note, Promissory Note No. 87587, payable to Ericson State Bank and dated March 25, 2019, in the principal amount of $2,150,000. Filing 1 at 7-8; Filing 1-11 at 1. Promissory

1

Note No. 87587 had a maturity date of March 25, 2020. Filing 1 at 8; Filing 1-11 at 1. KC Property has failed to pay the outstanding amount due under Promissory Note No. 87587 which is a principal of $507,175.71, plus accrued interest through October 31, 2021, of $66,474.76, and continuing interest from October 31, 2021, until paid. Filing 71-2 at 2.

On February 14, 2020, the Nebraska Department of Banking and Finance closed Ericson State Bank and tendered appointment to FDIC-R as liquidator and receiver of the Bank pursuant to its authority under the Nebraska Banking Act, Neb. Rev. Stat. §§ 8-101.02 to 8-1,140. Filing 1 at 2. That same day, FDIC-R accepted appointment as receiver of the Bank pursuant to 12 U.S.C. §§ 191 and 1821(c). Filing 1 at 2.

As set forth in the Magistrate Judge's Findings and Recommendation, KC Property repeatedly refused to provide discovery responses to FDIC-R in this case and then disobeyed court orders requiring it to retain substitute counsel after its attorney withdrew and to provide the still-outstanding discovery responses by a specific date. Filing 72 at 1-2. FDIC-R has moved for default judgment against KC Property as a sanction for failing to answer written discovery pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi). Filing 72 at 2. KC Property did not respond to the motion for sanctions and the Magistrate Judge filed her Findings and Recommendation recommending that default judgment be granted.[1] Filing 72 at 3.

### III. ANALYSIS

#### A. The Magistrate Judge's Findings and Recommendation

KC Property did not object to the Magistrate Judge's Findings and Recommendation. *See* NECivR 72.2 (requiring a party to "object to a magistrate judge's . . . findings and recommendation in a dispositive matter by filing [an objection] within 14 days after being served"). The Court

---

[1] The Court previously granted default judgment against a number of other related entities and an individual who had secured similar promissory notes from Ericson State Bank. *See* Filing 47 at 8-9.

2

agrees that default judgment is an appropriate sanction based on KC Property's repeated failure to provide discovery responses and its blatant disregard of numerous court orders. Accordingly, the Court adopts the Findings and Recommendation, Filing 22, in full. *See* 28 U.S.C. § 636(b)(1) (requiring de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made"); *Peretz v. United States*, 501 U.S. 923, 939 (1991) (holding that de novo review "need not be exercised unless requested by the parties" in the form of an objection (citation omitted)).

### B. Default Judgment

Having determined that FDIC-R is entitled to default judgment as a sanction against KC Property Guys, the Court turns to the merits of default judgment.

*1. Applicable Standards*

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) (quoting *Murray*, 595 F.3d at 871).

"It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "[D]efault judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)). A party seeking default judgment must "prove its

actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001).

  2. *FDIC-R Has Stated a Cause of Action and Proven Damages*

FDIC-R has stated a legitimate cause of action for breach of contract based on KC Property's breach of Promissory Note No. 87587. "In order to recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *Henriksen v. Gleason*, 643 N.W.2d 652, 658 (Neb. 2002). The promissory note was a contract between Ericson State Bank and KC Property, and in its role as receiver for the bank, FDIC-R serves as successor and has the power to collect all obligations and money due to the bank. *See* 12 U.S.C. § 1821(d) (stating that the FDIC-R "succeed to . . . all rights, titles, powers, and privileges of the insured depositor institution" for which it has been appointed as receiver). FDIC-R has alleged that KC Property breached the promissory note by failing to timely pay the amount due, resulting in monetary harm to it. Filing 1 at 22-23. There do not appear to be any conditions precedent to activate KC Property's duty. Thus, FDIC-R has stated a valid cause of action for breach of contract.

FDIC-R has also proven its monetary damages with reasonable certainty, and no evidentiary hearing on damages is necessary. *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (holding "the district court need not hold an evidentiary hearing on the issue of damages" where the damages were capable of being computed on the basis of facts of record). Specifically, FDIC-R's Complaint, Filing 1, copy of Promissory Note No. 87587, Filing 1-11, and the declaration of FDIC-R's Senior Asset Management Specialist, James E. McBride, Filing 71-2, establish the outstanding amount due and owing under Promissory Note No. 87587 is $507,175.71 of principal and $66,474.76 of accrued interest through October 31, 2021. Filing 71-

2 at 1-2. FDIC-R also requests continuing interest at the rate of sixteen percent. Filing 71-2 at 2. As set forth in the Court's prior Memorandum and Order on default judgment, post-judgment interest is allowed, but is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." Filing 47 at 8 (quoting 28 U.S.C. § 1961). Accordingly, the Court awards FDIC-R the established damages and post-judgment interested as calculated pursuant to 28 U.S.C. § 1961.

### IV. CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate Judge's recommendation that default judgment be entered against KC Property.

IT IS ORDERED:

1. The Court adopts the Magistrate Judge's Findings and Recommendation, Filing 72;

2. FDIC-R's Motion for Sanctions, Filing 71, is granted;

3. The Court grants default judgment in plaintiff FDIC-R's favor against KC Property Guys, LLC (a Missouri Limited Liability Company) and KC Property Guys, LLC (a Kansas Limited Liability Company), jointly and severally in the amount of $507,175.71 plus $66,474.76 in accrued interest plus post-judgment interested as calculated pursuant to 28 U.S.C. § 1961; and

4. The Court will enter a separate judgment.

Dated this 6th day of January, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge